NOT FOR PUBLICATION                                                                (Docket No. 34)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                               :
PHYLLIS HICKS,                 :
                               :
            Plaintiff,         :    Civil No. 06-5699 (RBK/KMW)
                               :
      v.                       :    **OPINION**
                               :
MICHAEL W. WYNNE,              :
                               :
            Defendant.         :
_____:

**KUGLER**, United States District Judge:

This matter arises out of alleged employment discrimination at McGuire Air Force Base. Presently before the Court is the Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Docket No. 36) by Defendant Michael Wynne, Secretary of the Air Force. Because Plaintiff failed to exhaust administrative remedies before filing this suit, the Court grants Defendant's Motion for Summary Judgment.

I.      BACKGROUND

The present motion is Defendant's second motion to dismiss and/or for summary judgment. Because the Court has examined the details of this case at some length in the opinion disposing of the prior motion, see Docket No. 30, the facts below are limited to those relevant to disposition of the present motion. The following facts are undisputed. See Pl. br. at 3 (responsive statement of facts pursuant to L. Civ. R. 56.1).

Plaintiff Phyllis Hicks began working as a marketing assistant in the 305th Services Squadron at McGuire Air Force Base in or around October 1994. She applied for the position of marketing director in late 2001 and was among the candidates interviewed. On January 2, 2002, another candidate, Monty Dunn, was selected.

On or around November 13, 2002, Dunn issued Hicks a performance evaluation, giving her a numerical rating of 19 out of 25, and an overall rating of "Very Good." Nevertheless, Hicks contacted an Equal Employment Opportunity (EEO) counselor just five days later to allege that she had been discriminated against by not receiving a higher rating. She did not complain about or otherwise raise to the EEO counselor that she had not been selected for the marketing director position.

As part of the informal EEO consultation, Hicks subsequently raised additional allegations relating to duty assignments; denial of pay increases; the configuration of the marking department office and the equipment assigned to her; a period when she was placed on "Leave Without Pay" status; and supposed orders from management that certain personnel not speak to her. These additional allegations did not include any complaint about her not being selected for the marketing director position.

On January 13, 2003, Hicks filed a formal EEO complaint (the First EEO Complaint) that essentially repeated the allegations in her informal EEO complaint, with an additional allegation of reprisal. The First EEO Complaint did not raise that Hicks had not been selected for the marketing director position.

After an investigation of Hicks' claims, the Regional Director of the Department of Defense denied the First EEO Complaint. Hicks then requested a hearing on the First EEO

Complaint with an Equal Employment Opportunity Commission (EEOC) administrative judge. After a hearing, the judge dismissed the First EEO Complaint on January 19, 2005 because of Hicks's failure to comply with the judge's procedural directives. On September 30, 2005, the Air Force Review Boards Agency issued a Final Decision, holding that the Air Force had not discriminated against Hicks regarding the allegations in the First EEO Complaint.

Hicks appealed the Final Decision to the full EEOC. On August 25, 2006, the EEOC affirmed the Final Decision regarding the First EEO Complaint.

Thereafter, on October 16, 2003, Hicks again contacted an EEO officer. She alleged for the first time that the Air Force had discriminated against her when it did not select her for the marketing director position in January 2002. Hicks then resigned from the Air Force on October 31, 2003.

On November 17, 2003, Hicks filed a second EEO Complaint with the Air Force (the Second EEO Complaint). The Second EEO Complaint alleged discrimination, harassment, and disparate treatment based on Hick's race and sex, which allegedly resulted in her constructive discharge. Specifically, she alleged that the Air Force: (1) failed to respond to her September 2003 request to review her personnel records in connection with her request for a pay raise; (2) failed to provide her with a 2003 performance appraisal; (3) denied her requests for pay increases, submitted in December 2001 and April 2002, while granting increases to similarly situated employees; and (4) hired Dunn rather than her for the marketing director position in January 2002. Hicks alleged that in reprisal for having filed the First EEO Complaint, the Air Force failed to provide her with the "criteria" for receiving an "Outstanding" performance rating.

On April 1, 2004, the Air Force accepted the Second EEOC Complaint for investigation

but dismissed her allegation regarding failure to promote because she had not raised the claim with an EEO counselor within 45 days of her non-selection.  Hicks requested a hearing on the Second EEO Complaint before an EEOC administrative judge.  After the hearing, the judge rejected the allegations in the Second EEO Complaint on April 24, 2006.  The judge also upheld the Air Force's dismissal of Hicks's failure to promote claim.

On May 23, 2006, the Air Force issued a Final Order, adopting the judge's findings regarding the Second EEO Complaint.  Hicks then filed an appeal of the Final Order with the full EEOC on June 23, 2006.  On November 28, 2007, the EEOC affirmed the Air Force's Final Order.

Before the EEOC's decision, however, Hicks filed this suit on November 28, 2006, alleging violation of Title VII.  Defendant filed a motion to dismiss, or in the alternative, for summary judgment claiming, in part, that Plaintiff had failed to exhaust administrative remedies before filing suit.  This Court granted the motion as to Plaintiff's disparate treatment, harassment, and retaliation claims, but denied the motion as to Plaintiff's failure to promote and constructive discharge claims.  See Docket No. 30.  The Court denied the motion in part because Defendant had failed to show that Hicks had not consulted a EEO counselor within 45 days of her non-selection and Defendant had not supplied a sufficient administrative record as to the constructive discharge claim to show that it was not exhausted.  See Docket No. 30 at 7.

On October 15, 2009, Defendant sought leave to file a new motion to dismiss and/or for summary judgment as to the two remaining claims, which the Court granted.  All parties have now fully briefed the remaining issues.

4

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

Alternatively, summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact."  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Id.

### III.   DISCUSSION

Notwithstanding the time during which the present issues have been lingering (nearly eight years since the non-promotion), the final disposition of this case is relatively straightforward.  Defendant contends that the remaining two claims must fail because Plaintiff failed to exhaust administrative remedies.  Specifically, Defendant alleges that the failure to promote claim is barred because Plaintiff did not consult with an EEO counselor within 45 days of her non-selection and alleges that her constructive discharge claim is barred because Plaintiff filed the present suit before the EEOC had completed review of her appeal.  Def. br. at 8-10.

Plaintiff counters Defendant's four pages of legal analysis on exhaustion with an anemic one paragraph response without any citation to authority. Plaintiff seemingly argues that her failure to promote claim was not raised within 45 days because the Air Force did not provide her with information she requested. Pl. br. at 4. Plaintiff did not offer any retort to the constructive discharge claim. Based on the undisputed facts in this case, the Court is compelled to grant Defendant's Motion for Summary Judgment.

As an initial matter, the Court will treat the pending motion as a motion for summary judgment. Disposition of the pending dispute requires the Court to consider matters beyond the pleadings. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (holding court should have examined failure to exhaust defense under Rule 56 where court considered matters beyond the pleadings). Moreover, Defendant moved for summary judgment in the alternative and Plaintiff responded as if this were a motion for summary judgment.

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment based on race, color, religion, sex, or national origin. Brown v. Gen. Servs. Admin., 425 U.S. 820, 825 (1976) (citing 42 U.S.C. §§ 2000e-2, 2000e-3). Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Id. at 835; Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997). In a Title VII case by a federal employee, the plaintiff must exhaust available administrative remedies before filing suit in federal court. Robinson, 107 F.3d at 1020. Timely exhaustion of remedies "requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." Id. at 1021. Under current EEOC regulations, a plaintiff must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. See 29 C.F.R. § 1614.105. The 45 day period should be

extended only where the aggrieved person demonstrates that he or she was not aware of the time limitations or was prevented from timely contact despite due diligence.  29 C.F.R. § 1614.105(a)(2); see Johnson v. Gober, 83 Fed. Appx. 455, 460-61 (3d Cir. 2003) (affirming summary judgment for defendant-employer where plaintiff failed to make contact with an EEO counselor within 45 days of the alleged discriminatory conduct and could not show any basis to excuse his untimeliness).

### A.   Failure to Promote Claim

Here, the undisputed facts show that Plaintiff was passed over for promotion on January 2, 2002.  Def. br. at 2, ¶ 2; Pl. br. at 3, ¶ 2.  The undisputed facts also show that Plaintiff did not raise the failure to promote claim with an EEO counselor until October 16, 2003.  Def. br. at 4, ¶ 11, Pl. br. at 3, ¶ 11.  This contact with an EEO counselor was more than 45 days after the alleged discriminatory action.  This failure to timely contact an EEO counselor is grounds for summary judgment for Defendant.  See Killingsworth v. Potter, 307 Fed. Appx. 685, 688 (3d Cir. 2009).

Liberally construing Plaintiff's opposition brief, she seems to allege that she was somehow misled into not making timely contact and thus her failure to timely contact must be excused.  However, Plaintiff has not offered any evidence in support of her allegation, which she must do.  See Killingsworth, 307 Fed. Appx. at 688 (affirming summary judgment where plaintiff claimed she was actively misled into not timely pursuing her rights, but where plaintiff offered no evidence in support); see also Johnson, 83 Fed. Appx. at 460-61.  Instead, Plaintiff merely lists information she wanted and did not receive, but she does not offer any proof (either via affidavit, deposition transcripts, or otherwise) that she requested the information or that it was

not delivered. Moreover, even if she had offered such proof, the Court is not clear how having this information would have assisted her in timely contacting an EEO counselor and how this evidence rebuts Defendant's well-supported affirmative defense of failure to exhaust.

Therefore, the Court grants Defendant's Motion for Summary Judgment as to the failure to promote claim.

      **B.**      **Constructive Discharge Claim**

Even if Plaintiff had been misled into not contacting an EEO counselor, Plaintiff's failure to promote claim, as well as her constructive discharge claim, were untimely filed with this Court.

If an employee does contact an EEO counselor within 45 days of an alleged discriminatory act and thereafter files a formal EEO complaint, the agency against which the complaint has been filed must investigate the allegations and issue a final decision. See 29 C.F.R. §§ 1614.108, .109, .110. Once the agency issues a final decision, the employee may either file suit in a district court within 90 days of receipt of the final decision, see 29 C.F.R. § 1614.407, or file an appeal to the EEOC. See 29 C.F.R. § 1614.401(a). If the employee appeals to the EEOC, the employee can file suit in a district court within 90 days of the EEOC's decision or after 180 days have elapsed and the EEOC has not rendered a decision. See Elsberry v. Rice, 820 F. Supp. 824, 828 (D. Del 1993) (citing 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407(c), (d).

Here, the undisputed facts show that Plaintiff filed the Second EEO Complaint with the Air Force on November 17, 2003, which included a constructive discharge claim and a failure to promote claim. Def. br. at 4, ¶ 12; Pl. br. at 3, ¶ 12. On April 1, 2004, the Air Force accepted the

Second EEO Complaint, but dismissed the failure to promote claim for failing to raise it with an EEO counselor with 45 days. Def. br. at 4-5, ¶ 13; Pl. br. at 3, ¶ 13. The undisputed facts also show that on May 23, 2006, the Air Force issued a Final Order on the Second EEO Complaint. Def. br. at 5, ¶ 15; Pl. br. at 3, ¶ 13.

The undisputed facts then show that Plaintiff filed an appeal of the Final Order with the EEOC on June 20, 2006. Def. br. at 5, ¶ 16; Pl. br. at 3, ¶ 13. The EEOC did not render its decision until November 28, 2007. Def. br. at 5, ¶ 17; Pl. br. at 3, ¶ 13. However in the interim, on the **161st** day after filing the appeal with the EEOC, Plaintiff filed this Complaint in federal court. Def. br. at 5, ¶ 19; Pl. br. at 3, ¶ 13; Docket No. 1.

Under these undisputed facts, Plaintiffs failure to promote claim and constructive discharge claim were untimely filed. Plaintiff did not wait the requisite 180 days after filing her appeal as is required by EEOC regulations. See 29 C.F.R. §1614.407(d). Her premature filing is grounds for entering judgment against her for failure to exhaust administrative remedies. See Murthy v. Schafer, 579 F. Supp. 2d 110, 114-15 (D.D.C. 2008); Elsberry, 820 F. Supp. at 829.

Therefore, the Court grants Defendant's Motion for Summary Judgment as to the constructive discharge claim.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

Dated: 12-21-2009                                     /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge